# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

RONALD HEILIGH, KELVIN BEST,       :
JORGE RIVERA, GILBERTO GOMEZ,   :
JACOBO GOMEZ, PEDRO GOMEZ,     :
DANIEL A. GOMEZ MELENDEZ,      :
VICTOR GONZALEZ, and               :
TYRONE BARNES                   :
     *On behalf of themselves and all*  :
     *others similarly-situated,*      :
                       :
        Plaintiffs          :
v.                        : Civil Action No. _____
                       :
ANCHOR CONSTRUCTION CORP,     : JURY TRIAL DEMANDED
<u>Serve:</u>  Anthony Fuerer, Resident Agent :
        4326 Mountain Road       :
        Pasadena, MD 21122       :
                       :
FLORINTINO GREGORIO         :
2254 25th Place NE            :
Washington, DC 20018        :
                       :
        Defendants        :

## CLASS ACTION AND REPRESENTATIVE ACTION
## <u>CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF</u>

Plaintiffs Ronald Heiligh, Kelvin Best, Jorge Rivera, Gilberto Gomez, Jacobo Gomez, Pedro Gomez, Daniel A. Gomez Melendez,  Victor Gonzalez, and Tyrone Barnes, on behalf of themselves and all others similarly-situated (collectively "Class Plaintiffs"), bring this Class Action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, asserting, *inter alia,* claims under the Maryland Wage and Hour Law, Md. Code Lab. & Empl. §§ 3-401, *et seq.* ("the MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Lab. & Empl. §§ 3-

501, *et seq.* ("MWPCL"), and a Representative Action on their behalf and all others similarly-situated who may participate as permitted under the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* ("FLSA") against defendants Anchor Construction Corporation ("Anchor Construction") and Florintino Gregorio ("Gregorio").

## INTRODUCTION

1.      This is a Civil Representative Action brought by the Class Plaintiffs on behalf of themselves and all other similarly-situated employees and/or former employees known and unknown who may opt-in as permitted under 29 U.S.C. § 216(b) by giving his or her consent in writing to become such a party and filing such consent with this Court, against Anchor Construction, and owner Gregorio, as jointly and severally liable to the plaintiffs for violations of the Fair Labor Standards Acts of June 25, 1938, Chapter 676, 52 Stat. 1069, 29 U.S.C. §§ 201-19 ("FLSA"), for violations of the Maryland Wage and Hour Law, Md. Code Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"), and for violations of the Maryland Wage Payment and Collection Law, Md. Code Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL").

2.      Class Plaintiffs and other similarly-situated employees all share or shared similar job titles, job skills and job responsibilities and were subjected to the same terms and conditions of employment, as well as the same unlawful actions by defendants, who failed to pay all wages legally due and owing to Class Plaintiffs in violation of the FLSA, MWHL, and/or MWPCL.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of Class Plaintiffs' claims pursuant to the FLSA, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a) relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

4.       Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

5.       This Court has supplemental jurisdiction over Class Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form a substantial part of the same case or controversy.

6.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(ii), 1391(b)(3) and 1391(c) because defendants transact or conduct business in this federal district and division, Class Plaintiffs were employed by defendants in this federal district, and a substantial part of the events or omissions giving rise to the claims occurred in this federal district.

## PARTIES

7.       Plaintiff Ronald Heiligh is a resident of Maryland.

8.       Plaintiff Kelvin Best is a resident of Maryland.

9.       Plaintiff Jorge Rivera is a resident of Virginia.

10.     Plaintiff Gilberto Gomez is a resident of Virginia.

11.     Plaintiff Jacobo Gomez is a resident of Virginia.

12.     Plaintiff Pedro Gomez is a resident of Virginia.

13.     Plaintiff Daniel A. Gomez Melendez is a resident of Virginia.

14.     Plaintiff Victor Gonzalez is a resident of Maryland.

15.     Plaintiff Tyrone Barnes is a resident of Maryland.

16.     The Class Plaintiffs collectively represent the combined putative class of similarly-situated cable splicers, construction workers, laborers, equipment operators, forepersons, flaggers and/or truck drivers ("Workers") who are or were defendants' hourly, non-exempt employees who earned, but did not receive all compensation due for regular time worked

3

(*i.e.* straight time); and/or for time and one-half pay for time spent working more than forty (40) hours per work (*i.e.* overtime); and/or for double pay for time spent working on emergency jobs, on weekend jobs, and/or on evening jobs (*i.e.* double time).

17.     At all times relevant, Class Plaintiffs and Workers performed a substantial portion of their work on job sites located within this district and in Washington, DC.

18.     Class Plaintiffs and the putative class, at all times relevant, are or were each an "employee" as that term is defined by 29 U.S.C. § 203(e).

19.     Defendant Anchor Construction is a District of Columbia corporation that has its principal place of business in the District of Columbia, has multiple offices in Maryland, conducts business and provides services in Maryland, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

20.     Defendant Gregorio is the principal owner, president and CEO of Anchor Construction, has a business address of 2254 25th Place NE, Washington, DC 20018, has multiple offices in Maryland, conducts business and provides services in Maryland, and is subject to the personal jurisdiction of this Court and the Courts of the State of Maryland.

21.     Defendants are, and were at all times relevant, an "employer" as that term is defined by 29 U.S.C. § 203(d).

22.     At all times relevant, defendants had actual and constructive knowledge of the matters set forth herein regarding the Class Plaintiffs and similarly-situated current and/or former employees.

23.     Defendants in general and specifically, individually and/or collectively, are the employers of the Class Plaintiffs and all others similarly-situated within the meaning of the FLSA, MWHL and/or MWPCL.

24.     The unlawful acts charged in this Complaint were committed by defendants and/or their officers, agents, employees, or representatives, while actually engaged in the management of defendants' business affairs and with the defendants' express knowledge and/or authorization.

25.     Upon information and belief, there are at least fifty (50) other similarly-situated persons who are or were employed by defendants as part of their workforce in Maryland and Washington, DC, and are or were defendants' employees as that term is defined by the FLSA MWHL, and MWPCL.

## FACTUAL ALLEGATIONS

26.     Anchor Construction does business as a construction contractor working at various sites in Maryland and the District of Columbia, providing various services to electric utilities such as Potomac Electric Power Company ("PEPCO").

27.     Upon information and belief, Anchor Construction is headquartered at 2254 25th Place NE, Washington, DC 20018, and has offices in Maryland at 3005 Washington Blvd., Baltimore, MD 21230 and 2300 Beaver Road, Landover, MD 20785.

28.     Upon information and belief, at all times relevant hereto, Anchor Construction's annual gross volume of sales made or business done exceeded $500,000.00.

29.     Defendants employ and/or employed Class Plaintiffs and similarly-situated employees to serve as Workers to provide services and labor in furtherance of Anchor Construction's contracts with electric utility providers, such as PEPCO, and others.

30.     Defendants employed Class Plaintiffs as cable-splicers from approximately April 15, 2016 to approximately August 7, 2017,when defendants terminated their employment at defendants' offices in Maryland; plaintiff Victor Gonzalez was also employed by defendants for

5

several years as a construction worker prior to April 2016.

31.    During their employment, Class Plaintiffs had four meetings with Anchor
Construction's management in July and August 2017 expressing their concerns regarding FLSA
and other wage payment violations.  In response, defendants' management advised they would
investigate these concerns.

32.    Specifically, Class Plaintiffs advised Anchor Construction's management
concerning defendants' failure and refusal to abide by the FLSA, and committing other wage
payment violations, including, but not limited to, errant hours, inaccurate time records, and not
being paid overtime.

33.    The first meeting occurred in second week of July 2017.  Present for Anchor
Construction were its time keeper Ms. Jill (last name unknown), Manual Carones, Vice
President, and Carl Angling, the supervisor of the Class Plaintiffs.  Present for the Class
Plaintiffs was plaintiff Heiligh, foreman of the Class Plaintiffs.

34.    The second meeting occurred a week later.  Again, present for Anchor
Construction were Ms. Jill (LNU), Mr. Carones and Mr. Angling.  All of the Class Plaintiffs
were present for this meeting.

35.    The third meeting a week thereafter.  Present for Anchor Construction were
defendant Gregorio, Mr. Carones, and Mr. Angling.  Plaintiff Heiligh was present for the Class
Meetings.  At this time, in response to Mr. Heiligh's repeated complaints about FLSA and other
wage violations, defendant Gregorio responded "I have to get the pay system fixed.  We've had
it for a long time, and it's hard for people to understand it."

36.    Then, on August 1, 2017, a fourth meeting with Anchor Construction's
management was held concerning the FLSA and other wage violations.  Present for Anchor

Construction were Jim Beaver, Vice President, Wen Liang, Vice President, Carl Angling, Supervisor of Electrical, and Norman Clark. During this meeting, Anchor Construction's management represented to the Class Plaintiffs that their FLSA and other wage concerns would be investigated and resolved.

37. Thus, Class Plaintiffs, or plaintiff Heiligh acting on Class Plaintiffs' behalf, had four separate meetings with Anchor Construction's management where the purpose of the meeting was to discuss Class Plaintiffs' complaints regarding FLSA and other wage payment violations. In each of the meetings, Anchor Construction's management agreed to investigate these complaints.

38. Approximately one week after the fourth meeting, Class Plaintiffs received a letter from Anchor Construction denominated as a "Notification of Termination", and advising that their employment had been terminated as a "voluntary termination." The Notice of Termination letter was dated August 9, 2018.

39. Class Plaintiffs have given their consent in writing to become party plaintiffs in this action on behalf of themselves and the other similarly-situated employees. *See Class Plaintiffs' Notice of Consent to Opt-In Form, Exhibit 1.*

40. Class Plaintiffs obtained work materials and refueled their company vehicle from defendants' offices in Prince George's County, Maryland.

41. Class Plaintiffs' work sites were in Maryland or the District of Columbia.

42. Class Plaintiffs regularly worked overtime, sometimes working for twelve (12) hours and more in a single day.

43. When the Class Plaintiffs worked over forty hours in a week, the defendants did not properly pay them for all the time they worked, and did not properly pay them overtime

7

wages at a rate of one-and-one-half their normal hourly rate.

44. Defendants also did not fully compensate Class Plaintiffs for all of the hours that they worked, their paystubs often short-changing their actual hours.

45. Defendants employed Class Plaintiffs and other similarly-situated employees as Workers, tasking them with working on construction areas along with other tasks in the repair and maintenance of power infrastructure at numerous sites in Maryland and the District of Columbia.

46. Class Plaintiffs' primary duties, as well as the duties of the other similarly-situated employees, were non-exempt as the term is defined by the FLSA.

47. Throughout Class Plaintiffs' employment with defendants, they and other similarly-situated employees regularly worked in excess of forty (40) hours per calendar week.

48. Defendants did not properly compensate Class-Plaintiffs or other similarly-situated employees at a rate of time-and-a-half for any overtime hours worked beyond forty (40) per calendar week.

49. Defendants either did not properly pay overtime to Class Plaintiffs and other similarly-situated employees, and/or paid them straight time for any overtime hours worked beyond forty (40) per week, and/or failed to pay them straight time for all the hours they worked. As non-exempt employees, they earned, but did not receive, all compensation due for time worked, including overtime for hours in excess of 40 per week.

50. Thus, Class Plaintiffs and other similarly-situated employees were not timely and properly paid proper straight and overtime wages for the hours that they worked.

51. All of the hours worked by the Class Plaintiffs during the claimed period were scheduled and authorized by defendants.

52.     During the claimed period, defendants qualified as an "employer" pursuant to Section 203(d) of the FLSA, Section 401(b) of the MWHL, and Section 3-501(b) of the MWPCL.

53.     At no time did the Class Plaintiffs and similarly-situated employees perform work that met the definition of "exempt work" under the FLSA, MHWL and/or MWPCL.

## FLSA REPRESENTATIVE ACTION ALLEGATIONS

54.     Defendants employed Class Plaintiffs and other similarly-situated employees and were required under the FLSA to compensate them for their work at an hourly compensation rate and at a time-and-a-half rate for any and all overtime hours worked.

55.     Defendants willfully and intentionally failed and/or refused to properly compensate Class Plaintiffs and other similarly-situated employees.

56.     Pursuant to the FLSA, after working for defendants in any given week, Class Plaintiffs and other similarly-situated employees were entitled to regular and overtime compensation.

57.     Despite Class Plaintiffs and other similarly-situated employees regularly completing hours of labor for the defendants in any given week, defendants failed and/or refused to fully and timely pay them the minimum wage compensation and overtime compensation to which they were entitled.

58.     Class Plaintiffs bring this representative action on behalf of themselves and all other similarly-situated employees.

59.     The cohort of similarly-situated employees that Class Plaintiffs seek to represent is defined as follows:  All present and former non-exempt employees of defendants who were properly classified as nonexempt but were not properly and timely paid minimum wages and overtime at a rate equal to one-and-one-half times their regular hourly compensation rate.

60.     The precise number of similarly-situated employees and their addresses are

unknown to Class Plaintiffs but are believed to exceed fifty (50).

61.   The similarly-situated employees may be identified from defendants' records and may be notified of the pendency of this representative action by mail, supplemented, if deemed necessary, by published notice.

62.   There is a well-defined community of interest in the questions of law and fact involved in this case which affect Class Plaintiffs and all similarly-situated employees. Questions of law and fact in common include, but are not limited to, the following:

   a.   The amount of minimum wages and overtime wages due and owing by the defendants to the Class Plaintiffs and all similarly-situated employees pursuant to the FLSA; and,

   b.   Whether Class plaintiffs and all similarly-situated employees are entitled to the declaratory relief prayed-for below.

63.   Class Plaintiffs adequately represent the similarly-situated employees because they will fairly and adequately protect their interests.  Class Plaintiffs' interests do not conflict with the interests of the similarly-situated employees who they seek to represent.  Class Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment litigation.

64.    The interests of the similarly-situated employees will be fairly and adequately protected by Class Plaintiffs and their counsel, and this action may be maintained as a representative action because defendants have acted or refused to act on grounds generally applicable to Class Plaintiffs and similarly-situated employees.

### Class Action Allegations

65.   Class Plaintiffs bring this action pursuant to a Class Action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure asserting claims under the MWHL and MWPCL, on behalf of themselves and a class of all past, present and future employees of defendants during the relevant statutory period.

66.    The class is so numerous that joinder of all such persons individually is impracticable.  On information and belief, the class exceeds 50 present and former employees of defendants.

67.    Class Plaintiffs and the class have all been similarly affected by defendants' violation of the MWHL and MWPCL.

68.    Class Plaintiffs and the class they represent may be reluctant to raise individual claims for fear of retaliation.

69.    There are questions of law or fact common to the class that predominate over any questions affecting only individual members, which include, but are not limited to, the following:

    a.    Whether defendants failed to pay overtime at a rate of time and a half of the putative class employees' normal hourly rate; and,

    b.    Whether defendants failed to timely pay minimum wages at the putative class' employees' normal hourly rate for the hours that were worked.

70.    Class Plaintiffs' claims are typical of the claims of the above-described class because:  a) they are members of the class; b) their interests are co-extensive with the interests of the other members of the class; c) their claims arise out of the same unlawful practices, policies and/or course of conduct that form the bases of the claims of the class; d) their claims are based on the same legal and remedial theories as those of the class; e) there is a lack of adverse interests between them and the other members of the class; and f) common questions exist.

71.    Class Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in employment and class action litigation.

72.    Class Plaintiffs will fairly and adequately protect the interests of the class.

73.    The instant case meets both the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

74.    The common questions of law and fact regarding defendants' unlawful compensation schemes predominate over any individual differences in class members' claims.

75. A class action is superior to other available methods for the fair and efficient adjudication of the class members under the MWHL and MWPCL and pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and this case should proceed as a class action in respect to the economic damages owed to Class Plaintiffs and the putative class members.

76. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a serious hardship to members of the class, the Court, and the defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

77. Because members of the class were subject to the same unlawful payment policies and procedures, class members have little interest in individually controlling the prosecution of separate actions and, in most if not all cases, would be unlikely to obtain counsel to adjudicate their individual claims.

78. On information and belief, to date separate litigation has not commenced against these defendants for the unlawful practices at issue here.

79. The case does not present individualized or exceedingly complex factual or legal issues that would render management of the suit as a class action difficult. Rather, Class Plaintiffs and the class they seek to represent were all subject to the same unlawful practices that give rise to the instant compliant, and defendants' practices and procedures present the central and overriding issues in the case.

80. The similarly-situated employees may be identified from defendants' records and may be notified of the pendency of this representative action in the manner the Court directs.

## COUNT I
### Violations of the FLSA
### Against all defendants, jointly and severally
### (Representative Action)

81. Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 80 of this Complaint as if fully stated herein.

12

82.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

83.     Defendants are "employers" as that term is defined in the FLSA, § 203.

84.     Class Plaintiffs and the other similarly-situated employees are or were defendants' employees within the meaning of the FLSA, § 203.

85.     Defendants failed to compensate Class Plaintiffs and similarly-situated employees according to the minimum wage and overtime wage requirements of the FLSA.

86.     Defendants violated the FLSA by failing to or knowingly failing to compensate Class Plaintiffs and all other similarly-situated individuals at the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one work week.

87.     Defendants violated the FLSA by not timely compensating Class Plaintiffs and all other similarly-situated individuals at the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one work week.

88.     Defendants violations of the FLSA were repeated, willful, intentional, and in bad faith.

89.     Defendant Anchor Construction directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the FLSA violations described herein.

90.     By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge of Anchor Construction's operations which was or should have been derived

from this position, defendant Gregorio directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the FLSA violations described herein.

91.    Despite his respective role as Anchor Construction's corporate officer and superior knowledge which was or should have been derived from this position, defendant Gregorio failed to take action to address the herein-described FLSA violations

92.    As result of defendants' unlawful conduct, Class Plaintiffs and other similarly-situated employees suffered a loss of wages, and thus defendants are liable to them under the FLSA for their economic damages including (but not limited to) such wages, an equal amount in liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorneys' fees.

**COUNT II**
**Violations of the FLSA – Retaliation**
**Against all defendants, jointly and severally**
**(Representative Action)**

93.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 92 of this Complaint as if fully stated herein.

94.    Section 215(a)(3) of the FLSA provides that "it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

95.    Defendants violated the FLSA by knowingly discriminating against Class Plaintiffs and all others similarly-situated in response to complaints regarding defendants' failure and refusal to abide by the FLSA, including (but not limited to) actually or constructively discharging and/or demoting employees who complained about errant hours, pay, or otherwise

exercised their rights under the FLSA.

96.    The Class Plaintiffs were discharged by defendants when they complained about errant hours, pay or otherwise exercised their rights under the FLSA.

97.    Upon information and belief, other similarly-situated employees to the Class Plaintiffs were demoted and/or discharged by defendants when they complained about inaccurate time records, wages, or not being paid overtime.

98.    Defendant Anchor Construction authorized, assented to, was aware, or should have been aware of the herein-described FLSA violations and the work performed by the Class Plaintiffs and similarly situated employees.

99.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge of Anchor Construction's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the FLSA violations described herein.

100.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge which was or should have been derived from those positions, defendant Gregorio failed to take action to address the herein-described FLSA violations.

## COUNT III
### Violations of the MWHL
### Against all defendants, jointly and severally
### (Representative Action)

101.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 104 of this Complaint as if fully stated herein.

102.    Class Plaintiffs and all others similarly-situated were "employees" and defendants

were their "employer" under § 3-401(k) of the MWHL.

103.    As their employer, defendants were obligated to pay Class Plaintiffs and all others similarly-situated at the rate of one and one-half (1½) times their regular rate of pay for hours worked each week in excess of forty (40) under §§ 3-415, 420 of the MWHL.

104.    Defendants violated the MWHL by failing to or knowingly failing to compensate Class Plaintiffs and all others similarly-situated at the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek.

105.    Defendants violations of the MWHL were repeated, willful, intentional, and in bad faith.

106.    Defendant Anchor Construction directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the MWHL violations described herein.

107.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge of Anchor Construction's operations which was or should have been derived from this position, defendant Gregorio directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the MWHL violations described herein.

108.    As result of defendants' unlawful conduct, Class Plaintiffs and the other similarly-situated employees suffered a loss of wages, and thus defendants are liable to them under the MWHL for their economic damages including (but not limited to) such wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorneys' fees.

<u>**COUNT IV**</u>
**Violations of the MWPCL**
**Against all defendants, jointly and severally**
**(Representative Action)**

109.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in

Paragraphs 1 through 108 of this Complaint as if fully stated herein.

110.    Defendants were the "employer" of the Class Plaintiffs and all others similarly-

situated under the MWPCL, § 3-501.

111.    Under the MWPCL, § 3-502, defendants were required to pay Class Plaintiffs and

all others similarly-situated all wages due for work performed.

112.    In violation of MWPCL, §3-502, defendants failed to timely pay Class Plaintiffs

and all others similarly-situated their promised and required wage for all the hours they worked.

113.    Defendants violations of the MWPCL were repeated, willful, intentional, and in

bad faith.

114.    Defendant Anchor Construction directed, authorized, or assented to the work

performed by the Class Plaintiffs and similarly-situated employees, and was aware or should

have been aware of the MWPCL violations described herein.

115.    By virtue of his respective role as Anchor Construction's corporate officer and

superior knowledge of Anchor Construction's operations which was or should have been derived

from his position, defendant Gregorio directed, authorized, or assented to the work performed by

the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware

of the MWHL violations described herein.

116.    By virtue of his respective role as Anchor Construction's corporate officer and

superior knowledge which was or should have been derived from those positions, defendant

17

Gregorio failed to take action to address the herein-described MWPCL violations.

117.    As result of defendants' unlawful conduct, Class Plaintiffs and the other similarly-situated employees suffered a loss of wages, and thus defendants are liable to them under the MWPCL for their economic damages including (but not limited to) such wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorneys' fees.

**<u>COUNT V</u>**
**BREACH OR ORAL CONTRACT – Maryland Common Law**
**Against all defendants, jointly and severally**
**(Representative Action)**

118.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 117 of this Complaint as if fully stated herein.

119.    Defendant Anchor Construction entered into binding oral contracts for employment with Class Plaintiffs and all other similarly-situated, imposing duties on these parties.  These duties included, but were not limited to, the payment of wages for every hour or work performed.

120.    Class Plaintiffs and all others similarly-situated performed under the oral contracts by executing their work duties for as long as they were so permitted.

121.    Defendant Anchor Construction failed to perform its duties with respect to the payment of wages, and thus breached its contracts with Class Plaintiffs and all other similarly-situated.

122.    Defendant Anchor Construction directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees.

123.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge of Anchor Construction's operations which was or should have been derived from his position, defendant Gregorio directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the herein-described breach.

124.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge which was or should have been derived from those positions, defendant Gregorio failed to take action to address the herein-described breach of oral contracts for employment.

### COUNT VI
### UNJUST ENRICHMENT/QUANTUM MERUIT – Maryland Common Law
### Against all defendants, jointly and severally
### (Representative Action)

125.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 124 of this Complaint as if fully stated herein.

126.    By performing services and work at Anchor Construction's direction, Class Plaintiffs and all others similarly-situated conferred substantial benefits upon Anchor Construction.

127.    Class Plaintiffs and all others similarly-situated did not perform this work gratuitously, but rather with the expectation of being fairly and lawfully compensated by Anchor Construction.

128.    Defendant Anchor Construction received valuable opportunities and compensation in the form of private and government contracts for the work performed by Class Plaintiffs and all others similarly-situated.

129.    To the detriment of Class Plaintiffs and all others similarly-situated, Anchor

Construction increased the profitability of its contracts by paying workers less than the contracted-amount for wages and keeping the difference for the company.

130.    Defendant Anchor Construction appreciated, accepted, and retained the benefits of the work performed by the Class Plaintiffs and all others similarly-situated.

131.    Notwithstanding the considerable benefits conferred upon Anchor Construction by the work of Class Plaintiffs and all others similarly situated, Anchor Construction did not compensate its employees to the extent required by agreement and law.

132.    The hours that Class Plaintiffs and all others similarly-situated worked and yet were not properly compensated were performed at Anchor Construction's direction and behest, and/or the direction of those authorized to act on its behalf.

133.    Defendant Anchor Construction failed to perform its duties with respect to the payment of wages, and thus breached its contracts with Class Plaintiffs and all other similarly-situated.

134.    Defendant Anchor Construction directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees.

135.    By virtue of his respective role as Anchor Construction's corporate officer and superior knowledge of Anchor Construction's operations which was or should have been derived from his position, defendant Gregorio directed, authorized, or assented to the work performed by the Class Plaintiffs and similarly-situated employees, and was aware or should have been aware of the herein-described breach.

### Prayer for Relief

136.    Class Plaintiffs hereby repeat, re-allege and incorporate all allegations set forth in Paragraphs 1 through 135 of this Complaint as if fully stated herein.

137.    WHEREFORE, Class Plaintiffs pray that this Honorable Court:

A.    Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

B.    Appoint Class Plaintiffs and their counsel of record to represent the class.

C.    Declare that defendants committed one or more of the following acts:

a.    Knowingly violated the FLSA, MWHL and/or MWPCL with respect to the Class Plaintiffs and all others similarly-situated;

b.    Violated the FLSA, MWHL and/or MWPCL with respect to the Class Plaintiffs and all others similarly-situated;

c.    Violated the FLSA, MWHL and/or MWPCL and withheld wages with respect to the Class Plaintiffs and all others similarly-situated without any bona fide dispute; and

d.    Any other declaration as the Court deems appropriate.

D.    Award judgment in the amount of the difference between the wages actually paid to the Class Plaintiffs and all others similarly-situated and the wages owed to them under the FLSA, MWHL and/or MWPCL.

E.    Award judgment for economic damages of the Class Plaintiffs and all others similarly-situated in amounts according to proof as provided for in the FLSA, MWHL and/or MWPCL.

F.    Award judgment for the value of the work performed and/or for the economic harm of the Class Plaintiffs and all others similarly-situated caused by defendants' breach of oral contract and/or defendants' unjust enrichment.

G.    Award pre-judgment interest.

H.    Award interest due on unpaid wages.

I.    Award liquidated damages and reasonable attorneys' fees and costs of this action as provided by the FLSA, MWHL and/or MWPCL.

J.    Award any other such relief this Honorable Court deems just and proper to award.

## DEMAND FOR JURY TRIAL

Class Plaintiffs and all others similarly-situated hereby demand a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

RONALD HEILIGH, *et al.*

_/S/ Geoffrey M. Bohn_____
Geoffrey M. Bohn, Bar #14872
Robert A. Battey, Bar #13210
BOHN & BATTEY, PLC
P.O. Box 101685
Arlington, VA 22210
Tel:    (703) 599-7076
Fax:    (703) 842-8089
gbohn@bohn-battey.com

Attorneys for Plaintiffs